United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 21-20126-CR-Scola |
| | ) |
| Voshon Jeanville, Defendant. | ) |
| | ) |

**Order Denying Motion for Sentence Reduction**

This matter is before the Court on the Defendant Voshon Jeanville's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, and U.S.S.G. § 5H1.1. (Mot., ECF No. 145.) The Government has responded (ECF No. 148), and Jeanville has not filed a reply. After careful consideration of the motion, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion for reduction of sentence. (**Mot., ECF No. 145**.)

1. **Background**

On October 24, 2022, the Defendant Voshon Jeanville was sentenced to a term of imprisonment of 120 months after pleading guilty to conspiracy to commit carjacking in violation of 18 U.S.C. § 371; carjacking in violation of 18 U.S.C. § 2119(a); brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2); use of unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2); and four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF Nos. 109, 110, 126, 127.) The Sentencing Guidelines range was 46 to 57 months of imprisonment based on an offense level of 23 and criminal history category I. Two mandatory minimum consecutive sentences also applied to Jeanville's offenses: 84 months for brandishing a firearm during a carjacking and 24 months for aggravated identity theft. The effective Sentencing Guidelines range was therefore 154 to 165 months. The Court imposed a 120-month sentence, reflecting a 12-month Guidelines sentence, plus the 84-month and 24-month mandatory consecutive sentences.

Jeanville previously moved for a sentence reduction under Amendment 821, which provides for relief for certain zero-point offenders. (ECF No. 141.) The Court denied that motion because he was ineligible for such relief "and even if he was eligible, the application of Amendment 821 would not reduce [Jeanville's]

sentence[.]" (Order, ECF No. 142, at 4.)

Now, Jeanville seeks relief under the Youthful Offender Amendment, otherwise known as Amendment 829. *See* U.S.S.G. § 5H1.1; Mot., at 1. Amendment 829 provides, in relevant part, that "[a]ge may be relevant in determining whether a departure is warranted . . . A downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." Jeanville now seeks retroactive application of Amendment 829 to the Court's judgment sentencing him to 120 months in prison.

## 2. Legal Standard

Jeanville seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). Section § 3582(c)(1)(A) provides, in relevant part:

> [T]he court, upon motion of … the defendant … may reduce the term of imprisonment …, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement refers to U.S.S.G. § 1B1.13, which states, in part, that a "court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . (2) the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F. 4th 1234, 1237 (11th Cir. 2021) (quoting § 1B1.13). Therefore, "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Id.* "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Id.* at 1237-38.

U.S.S.G. § 1B1.13 lists the "extraordinary and compelling reasons" that may warrant a sentence reduction. They include certain medical circumstances of the defendant; the age of the defendant; certain family circumstances of the defendant; whether the defendant was a victim of abuse while imprisoned; other similar reasons; and unusually long sentences. § 1B1.13 (b)(1)-(6).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to

criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

The Court denies Jeanville's motion because he has failed to exhaust his administrative remedies. Even if had exhausted his administrative remedies, his motion would be denied for the reasons set forth below.

#### A. Jeanville Has Not Exhausted His Administrative Remedies

Jeanville has not exhausted his administrative remedies. Under Section 3582(c)(1)(A), a defendant may bring a motion for sentence reduction only after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Here, Jeanville has not stated whether he submitted such a request with the warden of his facility or if he exhausted all administrative requests. (*See generally* Mot.) And as the Government notes, Bureau of Prison "records indicate that Jeanville has not submitted any requests pursuant to the formal grievance process" of his facility. (Gov.'t's Resp., at 7-8.) Therefore, Jeanville's motion is denied. *See United States v. Lee*, 848 F.App'x 872, 875 (11th Cir. 2021).

#### B. Jeanville Has Not Shown Extraordinary and Compelling Reasons for A Sentence Reduction

Moreover, Jeanville has not shown that there are extraordinary and compelling reasons that merit a reduction in his sentence. Jeanville argues that applying Amendment 829 to his case would cause a disparity between the sentence imposed and the sentence that would be imposed today. (Mot., 1-3.)

"Amendment 829 is not retroactive." *United States v. John*, No.21-CR-134 (DLC), 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024). Section 1B1.13 notes that "[e]xcept provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall

not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." Therefore, a nonretroactive amendment, such as Amendment 829, does not amount to extraordinary and compelling reasons unless subsection (b)(6) applies. Subsection (b)(6), in turn, states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Subsection (b)(6) does not apply to Jeanville's sentence, for several reasons. First, the subsection does not apply to changes in law resulting from "amendment[s] to the Guidelines Manual that have not been made retroactive," such as Amendment 829. Second, Jeanville does not satisfy the criteria for § 1B1.13(b)(6) because he has not served "at least 10 years of the term of imprisonment." § 1B1.13(b)(6). Specifically, he was sentenced 2 years and 2 months ago. (Judgment, ECF No. 127.) Third, even if Amendment 829 were retroactive and Jeanville had served at least 10 years of his sentence, any application of Amendment 829 would *not* "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" § 1B1.13(b)(6). In its sentencing, the Court varied downward by 34 months, specifically citing Jeanville's youth and background as reasons for doing so. Jeanville therefore has not shown that there would be a gross disparity between his sentence now as compared to his actual sentence.

Subsection (b)(5) notes that extraordinary and compelling reasons may be found when "[t]he defendant presents any other circumstance or combination of circumstances" that "are similar in gravity" to certain medical circumstances of the defendant; the age of the defendant; certain family circumstances of the defendant; or being abused in prison. Jeanville only points to the fact that he has been rehabilitated in prison. However, even if Jeanville has been rehabilitated in prison (which the Court doubts, as the Court will discuss when evaluating the § 3553(a) factors), "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of" U.S.S.G. § 1B1.13. *See* § 1B1.13(d).

Jeanville thus has not shown extraordinary and compelling reasons for s sentence reduction.

### C. The § 3553(a) Factors Weigh Against Relief

Even if Jeanville did exhaust his administrative remedies and demonstrated extraordinary and compelling reasons for a sentence reduction, he has not shown that "the § 3553(a) sentencing factors favor doing so" and "doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *Tinker,* 14 F. 4th at 1237. The Court is unconvinced that Jeanville would not be a danger to the community should his sentence be reduced. As the Government notes, in 2023, Jeanville was found in possession of a makeshift blade. (Gov.'t's Resp., at 123.) Moreover, Jeanville was sentenced only 26 months ago, and has thus served only 22% of his full term for his violent offenses. Jeanville is thus still a danger to the community. Moreover, a reduction or early release would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment, or provide adequate deterrence for such conduct.  *See* § 3553(a).

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged** that Jeanville's motion for reduction of sentence is **denied**. (**ECF No. 145**.)

**Done and ordered** in Miami, Florida on January 14, 2025.

Robert N. Scola, Jr.
United States District Judge